## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **RAYMOND JAMES & ASSOCIATES, INC., et al.,** | ) ) | Case No. 1:25-cv-10 |
| | ) | |
| Plaintiffs, | ) | Judge Matthew W. McFarland |
| v. | ) | |
| | ) | |
| **PAUL T. SABA, JR.,** | ) | **MOTION FOR LEAVE TO SUBMIT** |
| | ) | **DEFENDANT'S PROTECTED** |
| Defendant. | ) | **HEALTH INFORMATION *EX*** |
| | ) | ***PARTE* AND UNDER SEAL** |
| | ) | |

Following this Court's instruction during the February 26, 2025 Status Conference, and pursuant to Local Rule 5.2.1, Defendant Paul T. Saba, Jr. ("Mr. Saba") respectfully moves the Court for leave to submit to the Court materials containing Mr. Saba's protected health information ("PHI") on an *ex parte,* under seal, basis. These materials contain Mr. Saba's PHI, which is subject to and afforded protection under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and Ohio R.C. 2317.02(B). Public dissemination of this information would cause Mr. Saba serious harm. As such, the protection of Mr. Saba's PHI outweighs the public's interest in accessing such information. Further, the Court's *ex parte* consideration of this information is appropriate because the information is subject to significant privacy interests and is being provided to the Court for the limited purpose of informing the Court of Mr. Saba's current status for purposes of determining the scheduling of this matter. At this juncture, the interests of Mr. Saba in protecting the privacy of this information from disclosure to any third-party outweighs any interest that the parties to this litigation or other third-parties may have in disclosure of this information. Mr. Saba has consented to sharing his PHI with the Court *ex parte* and under seal.

1

## LAW AND ARGUMENT

Mr. Saba respectfully requests that this Court grant him leave to submit his medical information to the Court on an *ex parte*, under seal, basis. The information Mr. Saba intends to share with the Court details specific information regarding Mr. Saba's medical condition and past and current treatment efforts. This information is being offered solely to inform the Court as to Mr. Saba's current status to allow the Court to make an informed decision regarding the scheduling of proceedings in this matter. It is not being offered with respect to the merits of this case or for any other purpose. As such, Mr. Saba's interest in protecting this information from disclosure is outweighed by any interest that the public or other parties to this litigation may have in this information.

**A.** **The Court Should Grant Mr. Saba Leave to Submit His Protected Health Information to the Court Under Seal.**

Mr. Saba requests that his PHI be submitted to the Court under seal. "[T]rial courts have always been afforded the power to seal their records when interests of privacy outweigh the public's right to know." *Goodman v. J.P. Morgan Invest. Mgt.*, 301 F. Supp. 3d 759, 784 (S.D. Ohio 2018) (*In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 474 (6th Cir. 1983)). In the Sixth Circuit, a proponent of sealing must show that: "(1) a compelling interest warrants sealing the records, (2) the interest in sealing outweighs the public's interest in access to the records, and (3) the request is narrowly tailored." *Farris v. U.S. Fin. Life Ins. Co.*, No. 1:17-CV-417, 2020 WL 7294582, at *1 (S.D. Ohio Dec. 10, 2020). Those elements are satisfied here.

First, Mr. Saba seeks to protect his PHI from public disclosure. This Court has found several times that the sealing of such records is supported by the strong public policy established

by HIPAA and R.C. 2317.02(B) of protecting patient information, both federally and in Ohio.[1] *Harrison v. Scott*, No. 2:18-CV-1023, 2021 WL 2438858, at *2 (S.D. Ohio June 15, 2021); *See also Columbia Gas Transmission, LLC v. 171.54 Acres of Land,* No. 2:17-CV-70, 2021 WL 4260422, at *2 (S.D. Ohio Sept. 20, 2021); *In re E.I. Du Pont de Nemours & Co. C-8 Pers. Inj. Litig.,* No. 2:13-MD-2433, 2019 WL 3208711, at *1 (S.D. Ohio July 16, 2019).

Second, Mr. Saba's compelling interest in sealing this private, nonpublic, PHI outweighs the public's interest in accessing this information. *Cf. Thomas v. Nationwide Child.'s Hosp.,* Case No. 2:14-cv-1236, 2018 WL 1512908, at *6 (S.D. Ohio March 27, 2018) (granting motion to seal medical records). Given the highly sensitive nature of these materials, and the strong public policy interest in protecting medical information, the need to present this information to the Court in an *ex parte* and under seal basis outweighs the public's interest in accessing Mr. Saba's PHI. *See Columbia Gas Transmission, LLC,* 2021 WL 4260422, at *2; *See also Oliver-Smith v. Lincoln Nat'l Life Ins. Co.,* No. 1:23-CV-276, 2024 WL 3443004, at *2 (S.D. Ohio July 17, 2024) (finding clear importance of protecting party's PHI outweighs the public's interest in accessing records and documents related to it), citing *Person v. Lincoln Nat'l Life Inc. Co.,* No. 1:22-CV-98, 2023 WL 7412856, at *2 (S.D. Ohio Oct. 31, 2023) (additional citations omitted).

Finally, this request is narrowly tailored and no broader than necessary to protect Mr. Saba's privacy interest. This motion seeks to seal a limited amount of information that is being provided to the Court only to inform the Court of Mr. Saba's current health condition and status. *See, e.g.*, *Reliant Cap. Sols., LLC v. Ram Payment, LLC*, No. 2:22-CV-03047, 2022 WL 16569215,

---

[1] This Court has recognized that R.C. 2317.02(B) is "even more stringent than HIPAA, and therefore is not preempted, because it 'prohibits use or disclosure of health information when such use or disclosure would be allowed under HIPAA.'" *Columbia Gas Transmission, LLC v. 171.54 Acres of Land,* No. 2:17-CV-70, 2021 WL 4260422, at *2 (S.D. Ohio Sept. 20, 2021), quoting Turk v. Oiler, 732 F. Supp. 2d 758, 771 (N.D. Ohio 2010).

at *3 (S.D. Ohio Nov. 1, 2022) (request narrowly tailored where it was "no broader than necessary to address the compelling reasons for non-disclosure").

**B.      The Court Should Grant Mr. Saba Leave to Submit His Protected Health Information to the Court on an *Ex Parte* Basis for In Camera Review.**

Given the significant privacy interests in Mr. Saba's PHI, and the limited purpose for which it is being offered, Mr. Saba submits it is appropriate for the Court to grant him leave to submit information regarding his medical condition and treatment to the Court on an *ex parte* basis for the Court's *in camera* review. Whether to engage in *in camera* review rests in the sound discretion of this Court. *MD Auto Grp., LLC v. Nissan N. Am., Inc.*, No. 1:21-CV-01584-CEF, 2023 WL 4181295, at *1 (N.D. Ohio June 26, 2023), citing *Zolin v. United States,* 491 U.S. 554, 572 (1994). And this Court has the authority to review protected information on an *ex parte* and *in camera* basis to determine whether the interests of the individual seeking protection outweighs an opposing party's claim to disclosure. *Mann v. Univ. of Cincinnati*, 824 F. Supp. 1190, 1201 (S.D. Ohio 1993) (finding medical records should be reviewed *in camera* to weigh the party's privilege and privacy right to nondisclosure); s*ee also Est. of Xiao v. Fairfield City Sch. Dist. Bd. of Educ.,* No. 1:15CV787, 2022 WL 356522, at *1 (S.D. Ohio Feb. 7, 2022) (ordering *in camera* review of medical records).

Here, the information Mr. Saba seeks to protect is private, protected health information. This information is being offered to the Court for the limited purpose of allowing the Court to consider the near-term scheduling of this matter in light of Mr. Saba's condition and status. The information is not being offered respecting the merits of any of the claims in this litigation. As such, Mr. Saba submits that it is proper for the Court to review his PHI at this juncture on an *ex parte* basis. This is so because Mr. Saba's interest in protecting his health information from

4

disclosure to third-parties outweighs any interest that the other parties to this litigation may have in Mr. Saba's health information.

## <u>CONCLUSION</u>

For the reasons identified above, Mr. Saba requests that this Court grant his Motion.

Respectfully submitted,

/s/ *Dominick S. Gerace*
Dominick S. Gerace (0082823)
Ralph W. Kohnen (0034418)
Kenneth A. Foisy (0095904)
TAFT STETTINIUS & HOLLISTER LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
Phone: (513) 381-2838
Fax: (513) 381-0205
dgerace@taftlaw.com
kohnen@taftlaw.com
kfoisy@taftlaw.com

*Trial Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was filed on this 27th day of February, 2025, via the Court's CM/ECF system, which will serve all counsel of record electronically.

<em>/s/ Dominick S. Gerace</em>