**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **RAYMOND JAMES & ASSOCIATES, INC., et al.** | ) ) ) | **Case No.: 1:25-cv-00010** |
| | ) ) | **U.S. District Court Judge** |
| **Plaintiffs,** | ) ) | **Matthew W. McFarland** |
| vs. | ) ) ) | **PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S** |
| **PAUL T. SABA, JR.,** | ) ) | **MOTION FOR LEAVE TO SUBMIT DEFENDANT'S PROTECTED HEALTH** |
| **Defendant.** | ) ) | **INFORMATION *EX PARTE* AND UNDER SEAL** |

Now come Plaintiffs, Raymond James & Associates, Inc., Timothy VanBenthuysen, and Richard Redvanly (collectively "Plaintiffs"), and respectfully submit their Response in Opposition to Defendant Paul T. Saba, Jr.'s Motion for Leave to Submit Defendant's Health Information *Ex Parte* and Under Seal. For the reasons set forth more fully below, Defendant's motion should be denied because the Federal Rules of Civil Procedure allow for Defendant to submit the information pursuant to a protective order, which would permit Plaintiff – if appropriate – to dispute Defendant's argument that his participation in this case should remain delayed. Plaintiffs therefore submit that the Defendant's Motion should be denied.

**A.   INTRODUCTION**

This case was initiated seven (7) weeks ago on January 10, 2025, when Plaintiffs filed their Verified Complaint. (See Doc. 1). The purpose of this suit is to address a pattern of harmful behavior that began in roughly late-October or early-November 2024, in which Defendant Saba sent emails from fake accounts containing false and defamatory information concerning Plaintiffs to *hundreds of recipients* – both to employees of Raymond James &

1

Associates and to Plaintiffs' clients, prospective clients, competitors, family members, and acquaintances. (Id., at PAGEID ## 11, 13). However, that was not Plaintiffs' first attempt to address Defendant's malicious and harmful false email campaign. Prior to filing this lawsuit, Plaintiffs sent a cease-and-desist letter to Defendant, which Defendant did not respond too.

Likewise, initial attempts to serve Defendant with a copy of the Verified Complaint at his residence in Cincinnati, Ohio were met with resistance and obfuscation. In particular, process servers who attempted to deliver a copy of the Verified Complaint and Motion for Temporary Restraining Order and Preliminary Injunction to Defendant's residence were rebuffed, including by Defendant's father, who refused to accept the documents at the residence, refused to come to the door, and instead chided the process server from a second floor window of the residence. (See Affidavit of Service, attached hereto as Exhibit __). To-date, neither Defendant nor anyone associated with him – including Defendant's father, who originally communicated with Plaintiffs' representatives about this matter and threatened a countersuit – have admitted Defendant's liability on Plaintiffs' causes of actions or otherwise provided information essential for Plaintiffs to determine the extent of the damages they have suffered at the hands of the malicious email campaign.

In the seven weeks this case has been pending, Plaintiffs have been entirely unable to obtain any documents or information from Defendant Saba in relation to the fraudulent email campaign, including but not limited to the full list of recipients of his harmful emails. As outlined in that Motion for Temporary Restraining Order and Preliminary Injunction, as well as Plaintiffs' Motion for Expedited Discovery, the extensive and exigent nature of the

continuing harm[1] to Plaintiffs resulting from Defendant Saba's egregious conduct warrants an expedited response. Defendant should not remain shielded from his discovery obligations on the purported basis that he is hospitalized at an undisclosed location and for undisclosed reasons. Plaintiffs have a right to understand the reasoning behind this exceptional delay and oppose that reasoning if the circumstances dictate.

The Court is empowered with the ability to utilize a protective order to prevent public disclosure of Defendant's private health information, and Plaintiffs do not object to the imposition of a court-ordered mechanism to prevent public disclosure. However, Plaintiffs strongly object to Defendant Saba's request to limit disclosure of that information on an *ex parte* basis, particularly where that request is only being offered to justify further delay of Plaintiffs' ability to discover critical information concerning the extent to which they have been damaged by Defendant's conduct.

### B. LAW & ARGUMENT

First, Plaintiffs have no objection to Defendant's request that his private health information be submitted to the Court under seal in this case. Such practice is consistent with common practice in the federal courts when dealing with private medical information protected by HIPAA. *See, e.g.*, *Harrison v. Scott*, No. 2:18-CV-1023, 2021 WL 2438858, at *2 (S.D. Ohio June 15, 2021). However, this Court should reject Defendant's request to limit this production to an *ex parte* submission that excludes Plaintiffs from the opportunity to meaningfully dispute his purported incapacitation. The assertion of Defendant's ostensible inability to be reached and/or communicate with his attorneys in this case is the only

---

[1] Plaintiffs continue to receive communications from third-parties claiming to have received emails from Defendant's fictious and fraudulent accounts, adding to the concern that the damage continues to spread unabated.

3

argument preventing discovery of critical information about the extent and full nature of Defendant's malicious conduct towards Plaintiffs. It defies credulity, therefore, that Plaintiffs would be excluded from the disclosure of information offered solely to justify Defendant's continued non-participation in this action despite the Court granting Plaintiffs' request for injunctive relief on January 17, 2025. (Doc. 9).

The primary argument in Defendant's Motion for Leave is that Defendant's personal health information should be kept secure from public disclosure. (Defendant's Motion for Leave to Submit Defendant's Protected Health Information *Ex Parte* and Under Seal, Doc. 17, at PAGEID #104). However, as stated above, there is no objection to the information being submitted under seal, which should adequately protect the information from any public dissemination. Additionally, though, the Court is empowered with the ability to fashion an order restricting all parties from any third-party disclosure, such that there should be no unusual concern in this instance regarding the possibility of the information being disclosed outside the case. *See* Fed. R. Civ. P. 26(c)(1)(A). Furthermore, although Defendant suggests that the information is only being submitted at this juncture so that the Court can consider the "near-term scheduling of this matter", the effect of using an *ex parte* process to accomplish that purpose deprives Plaintiffs of the opportunity to dispute the viability of Defendant's submission for that proffered purpose.

As the Court is aware, Plaintiffs submitted a Motion for Expedited Discovery on February 14, 2025. (Doc. 16). The basis for that motion is the exigent nature of discovery in this case to determine the extent of Plaintiffs' damages and understand the full scope of Defendant's fraudulent and malicious campaign. Additionally, as outlined in that motion, electronically stored information that is critically relevant to this case and solely in

4

Defendant's possession must be preserved, and additional delays to discovery threaten the possibility that Plaintiffs will be able to obtain the requested information. Furthermore, the fact that internet-based email accounts were used to perpetrate the tortious conduct in this case presents a unique security concern insomuch as those accounts can be accessed from any location and any person with knowledge of Defendant's passwords or login information. As such, retrieval of this ESI is critical to understanding the extent of Plaintiffs' damages and also preserving critical information that is not otherwise being protected. To-date, there has been no response to Plaintiffs' Motion for Expedited Discovery.

Plaintiffs submit that an *ex parte* submission process is unnecessary in the present instance and that it would be prejudicial to Plaintiffs' ability to contest the purported reasoning for further delays in this case. There are adequate safeguards to prevent disclosure of private health information that are routinely utilized by the federal courts, which can be similarly employed here to assuage any of Defendant's concerns.

### C. CONCLUSION

WHEREFORE, for all the foregoing reasons, Plaintiffs respectfully submit that the Court should deny Defendant's request for an *ex parte* submission of his health information and, instead, submit the information under seal and according to a protective order.

Respectfully submitted,

/s/ **Ian D. Mitchell**
Ian D. Mitchell, Esq. (0090643)
Andy J. Dorman, Esq. (0063410)
REMINGER CO., LPA
525 Vine St., Suite 1500
Cincinnati, OH 45202
T: 513-721-1311; F: 513-721-2553
E-mail: IMitchell@reminger.com
　　　　ADorman@reminger.com
***Counsel for Plaintiffs***

5

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has been electronically filed this 3rd day of March, 2025 through the Court's CM/ECF system. Notice of filing will be automatically sent to all counsel (and their designees) who have entered their appearance of record and who are registered with this Court's CM/ECF system. Such notice constitutes service by rule. In addition, I also hereby certify that the foregoing will be served electronically (via email) to all other counsel of record who will not receive notice of this filing through the CM/ECF system, including:

Dominick S. Gerace
Ralph W. Kohnen
Kenneth A. Foisy
TAFT STETTINIUS & HOLLISTER LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
dgerace@taftlaw.com
kohnen@taftlaw.com
kfoisy@taftlaw.com

                                                /s/ ***Ian D. Mitchell***
                                                Ian D. Mitchell (0090643)