IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | |
|---|---|
| RAYMOND JAMES & ASSOCIATES, INC., et al., | : Case No. 1:25-cv-0010 |
| | : |
| | : Judge Matthew W. McFarland |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : |
| PAUL T. SABA, JR., | : |
| | : |
| Defendant. | : |

## ORDER AND OPINION

This matter is before the Court on Defendant's Motion for Leave to Submit Defendant's Protected Health Information *Ex Parte* Under Seal (Doc. 17). Plaintiffs filed a Response in Opposition (Doc. 18), and the Court did not provide Defendant opportunity to file a reply. Thus, this matter is ripe for review.

As Defendant has pointed out, this Court has found that public policy strongly supports sealing protected health information (PHI). *Harrison v. Scott*, No. 2:18-cv-1023, 2021 WL 2438858, at *2 (S.D. Ohio June 15, 2021). And, Defendant's compelling interest in sealing his private, sensitive PHI greatly outweighs the public's interest in accessing this information. *See Oliver-Smith v. Lincoln Nat'l Life Ins. Co.*, No. 1:23-CV-276, 2024 WL 3443004, at *2 (S.D. Ohio July 17, 2024). A request for an *ex parte* filing should be "no broader than necessary to address the compelling reasons for non-disclosure," and here, Defendant only requests sealing a limited amount of information to inform the Court of his health condition and status. *Reliant Cap. Sols., LLC v. Ram Payment, LLC*, No. 2:22-CV-03047, 2022 WL 1659215, at *3 (S.D. Ohio Nov. 1, 2022); Motion, Doc. 17, Pg. ID 103. Defendant has not indicated he seeks to file any other pertinent information on an *ex parte* basis.

Plaintiffs have no objection to Defendant's request that his PHI be filed under seal. (Response, Doc. 18, Pg. ID 109.) But, Plaintiffs contend that they should be allowed to view Defendant's PHI to determine for themselves the legitimacy of Defendant's delay of discovery. (*Id.*) The Court disagrees. Not only is the Court able to make this determination, but the decision to engage in *in camera* and *ex parte* review of this information is fully within this Court's discretion and authority. *MD Auto Grp., LLC v. Nissan N. Am., Inc.*, No. 1:21-CV-01584-CEF, 2023 WL 4181295, at *1 (N.D. Ohio June 26, 2023), citing *Zolin v. United States*, 491 U.S. 554, 572 (1994); *Mann v. Univ. of Cincinnati*, 824 F. Supp. 1190, 1201 (S.D. Ohio 1993). If, upon review, the Court finds that all parties should view the PHI, then the Court will address such a decision at that time. At this juncture, though, the Court finds that Defendant's compelling interest in keeping his sensitive PHI private outweighs Plaintiffs' interest in viewing it.

For the foregoing reasons, Defendant's Motion for Leave to Submit Defendant's Protected Health Information *Ex Parte* and Under Seal (Doc. 17) is **GRANTED**. Defendant **SHALL PROVIDE** all relevant PHI via email to only the Court within five (5) days of this Order. The Court will notate the date of receipt by docket entry.

**IT IS SO ORDERED.**

Date: 3/4/25 @ 11:25am. (est.)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND