UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **RAYMOND JAMES & ASSOCIATES, INC., et al.**, <br><br>    Plaintiffs, <br> v. <br><br> **PAUL T. SABA, JR.**, <br><br>    Defendant. | Case No. 1:25-cv-10 <br><br> Judge Matthew W. McFarland <br><br><br> **RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY** |

Plaintiffs' Motion for Expedited Discovery is based on an unsupported suggestion that Defendant Paul T. Saba, Jr. ("Mr. Saba") or others may delete or destroy evidence. Not only does that suggestion lack any evidentiary support, it ignores that there are adequate measures in place to prevent the destruction of evidence in this case. Further, Plaintiffs' motion fails to address the significant prejudice to Mr. Saba that would result in the event that the Court grants the motion. Mr. Saba is in no position to respond to discovery requests or sit for a deposition at this juncture, and counsel for Mr. Saba have serious limitations and concerns regarding the ability to advise Mr. Saba at this point in the case. For these reasons, and those stated more fully below, Plaintiffs have failed to meet their burden of establishing "good cause" for expedited discovery, and their motion accordingly should be denied.

**ARGUMENT**

"Under Federal Rule of Civil Procedure 26(d)(1), no discovery from any source is generally permitted prior to a Rule 26 conference. In determining requests to engage in limited discovery prior to a Rule 26(f) conference, courts apply a 'good cause standard.'" *Johnson v. U.S.*

1

*Bank Nat. Ass'n*, No. 1:09-CV-492, 2009 WL 4682668, at *1 (S.D. Ohio Dec. 3, 2009) (citing *Caston v. Hoaglin,* Civ. No. 2:08–cv–200, 2009 WL 1687927, at *1 (S.D. Ohio Jun. 12, 2009)).

The party seeking expedited discovery bears the burden of demonstrating good cause. *Best v. Mobile Streams, Inc.*, Civ. No. 1:12-CV-564, 2012 WL 5996222, at *2 (S.D. Ohio Nov. 30, 2012). Good cause may be found where "the need for expedited discovery outweighs the possible prejudice or hardship to the defendant." *Id*. (citing *Arista Records, LLC v. Does 1–4,* Civ. 1:07–cv–1115, 2007 WL 4178641, at *2 (E.D. Tenn. Nov. 20, 2007)). While "[g]ood cause is often found in cases where there is a concern that documents or other data will be lost or destroyed," *Johnson*, 2009 WL 4682668, at *1, "speculative assertion[s] that the defendants will destroy the requested discovery" do not suffice. *Best*, 2012 WL 5996222, at *2.

Finally, "[a]lthough requests for expedited discovery typically arise in connection with a motion for preliminary injunction, such requests are not automatically granted simply because a motion for preliminary injunction is pending." *Tween Brands Inv., LLC v. Bluestar All., LLC*, No. 2:15-CV-2663, 2015 WL 5139487, at *3 (S.D. Ohio Sept. 1, 2015) (citing *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009)).

### I. Plaintiffs' Claim Regarding the Destruction of Evidence is Speculative and Unsupported.

Plaintiffs argue that expedited discovery is necessary to prevent spoliation of evidence. (Doc. 16 at 1-2.). But Plaintiffs' assertion that the spoliation of any evidence, electronic or otherwise, will occur in this case absent an order expediting discovery is speculative and unsupported. Indeed, aside from noting that much of the evidence they seek is electronic, Plaintiffs offer no support for the contention that evidence potentially relevant to this case is in danger of being destroyed.

This Court has held that a party fails to establish good cause for expedited discovery where they point to no evidence to support the contention that evidence may be destroyed. *Best v. Mobile Streams, Inc.*, 2012 WL 5996222, at *2. In *Best*, plaintiff sought expedited discovery because "the discovery sought [was] largely stored on electronic devices, such as computers," and plaintiff speculated that "defendants will destroy the stored evidence…" *Id.* The court denied the motion, concluding that plaintiff failed meet his burden of showing good cause because he failed to point to any evidence supporting his spoliation concern—i.e., that defendants or their associates previously destroyed evidence pertinent to a lawsuit, or that sufficient protections were not in place to prevent the loss of evidence. *Id.* The Court found this lack of evidence dispositive, stating, "[i]n the absence of evidence establishing a need for expediting discovery … the Court finds no good cause for granting plaintiff's motions for expedited discovery." *Id.* (citing *American LegalNet, Inc. v. Davis*, 673 F.Supp.2d 1063, 1072-73 (C.D. Cal. 2009) (denying motion where there was no showing that the opposing party "has lost or destroyed evidence in the past or has inadequate retention procedures in place.")).

Here, Plaintiffs offer no support for their conclusory allegation that expedited discovery is "necessary to preserve electronic data to prevent [Mr. Saba] or others from deleting or destroying critical evidence…" (Doc. 16 at 1). There is no evidence that Mr. Saba or anyone associated with Mr. Saba has ever lost, destroyed, or altered evidence in the past, and there is no evidence that sufficient protections are not in place to prevent such destruction. In fact, Plaintiffs' motion fails to contend with the fact that the TRO entered in this matter prevents Mr. Saba from taking any such action. (Doc. 9 at 17) ("Defendant is enjoined from using any electronic device to delete or otherwise access the following: (a) any electronic files concerning Plaintiffs; or (b) any email account used to transmit emails concerning Plaintiffs or any of their significant others…"). Mr.

Saba has consented to an extension of that TRO twice and Plaintiffs offer no reason why they believe Mr. Saba is likely not to comply with the order. Further, as discussed during conferences with the Court, Mr. Saba has engaged a third-party digital forensic expert to image and preserve electronic devices that may have been used or possessed by Mr. Saba during the time period relevant to the Complaint.

Because Plaintiffs' concerns of spoliation of evidence are unfounded and unsupported, and because adequate measures are in place to prevent the destruction of evidence, the motion should be denied.[1]

## II. Plaintiffs' Purported Need for Expedited Discovery Does Not Outweigh the Prejudice to Mr. Saba.

Plaintiffs' motion also offers the conclusory statement that "the need to preserve the critical electronic data and to make it available to Plaintiffs for a preliminary injunction hearing substantially outweighs the minimal prejudice Defendant will suffer from producing electronic evidence." (Doc . 16 at 2). Given the speculative nature of their spoliation claim, Plaintiffs have failed to establish any need for expedited discovery. And even if Plaintiffs could show a need for such discovery, they cannot establish that their need outweighs the prejudice to Mr. Saba.

Plaintiffs' motion seeks to compel a deposition of Mr. Saba "in the next fourteen days" and is accompanied by extensive requests for interrogatory answers, admissions, and the production of documents. (Doc. 16 at 1). For the reasons stated to the Court during status conferences on February 18, 2025, and February 26, 2025, as well in Mr. Saba's *ex parte* submission, Mr. Saba's participation in any discovery at this juncture—much less sitting for a deposition in the next few

---

[1] While Plaintiffs also have suggested that discovery is necessary to identify others involved in the conduct alleged in the Complaint, they similarly have offered no support for the suggestion that others may be involved.

4

days—would be severely prejudicial to Mr. Saba both in terms of Mr. Saba's health condition and in terms of counsel's ability to advise Mr. Saba. These significant concerns wholly outweigh any need that Plaintiffs could establish for expedited discovery.

Moreover, in assessing prejudice, the Court may also take into account the scope and breath of the requested discovery when determining whether good cause exists. *Lemkin v. Bell's Precision Grinding*, No. CIV.A. 2:08-CV-789, 2009 WL 1542731, at *2 (S.D. Ohio June 2, 2009) ("The scope of the discovery request is also relevant to whether or not good cause exists."). The discovery requests accompanying Plaintiffs' motion are not limited in scope, but rather appear to request all information that Plaintiffs believe would be required to prove the merits of their claims. Those requests, at this early stage of the litigation, are unduly burdensome and excessive given their broad scope and the lack of narrow tailoring.

Based on the above, Plaintiffs have failed to show that, even if they could establish a need for expedited discovery, that need outweighs the prejudice to Mr. Saba.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Expedited Discovery should be denied.

Respectfully submitted,

/s/ *Dominick S. Gerace*
Dominick S. Gerace (0082823)
Ralph W. Kohnen (0034418)
Kenneth A. Foisy (0095904)
TAFT STETTINIUS & HOLLISTER LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
Phone: (513) 381-2838
Fax: (513) 381-0205
dgerace@taftlaw.com
kohnen@taftlaw.com
kfoisy@taftlaw.com

*Trial Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was filed on this 7th day of March, 2025, via the Court's CM/ECF system, which will serve all counsel of record electronically.

*/s/ Dominick S. Gerace*