# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION - CINCINNATI

| | | |
|---|---|---|
| RAYMOND JAMES & ASSOCIATES, INC., et al., | : : : : : : : : : : | Case No. 1:25-cv-10 |
| | | Judge Matthew W. McFarland |
| Plaintiffs, | | |
| v. | | |
| PAUL T. SABA, JR., | | |
| Defendant. | | |

## ORDER AND OPINION

This matter is before the Court on Plaintiffs' Motion for Expedited Discovery (Doc. 16). Defendant filed a Response in Opposition (Doc. 22), and Plaintiffs filed a Reply in Support (Doc. 24). Thus, this matter is ripe for the Court's review. For the following reasons, Plaintiffs' Motion for Expedited Discovery (Doc. 16) is **DENIED**.

## BACKGROUND

On January 13, 2025, Plaintiffs filed their Motion for Temporary Restraining Order and Preliminary Injunction seeking to prevent Defendant from continuing his alleged defamatory email campaign or otherwise deleting evidence of the alleged conduct. (*See* Motion, Doc. 4.) This Court granted the Motion for Temporary Restraining Order in part on January 17, 2025, enjoining Defendant from accessing the email accounts used in his alleged campaign and from deleting any electronic files or accounts used in furtherance of the campaign. (*See* Order, Doc. 9.) The parties then stipulated to an extension of the

temporary restraining order on February 6, 2025, and then again on March 5, 2025; the temporary restraining order is now set to expire on April 17, 2025. (*See* Stipulations, Docs. 13, 21.) Defendant also filed a motion for leave to submit his protected health information ex parte and under seal to the Court, which the Court granted. (Motion, Doc. 17; Order, Doc. 20.) The Court has reviewed the protected health information *in camera*. (3/10/2025 Notation Order.) In the meantime, Plaintiffs moved to expedite discovery on February 14, 2025, which the parties have fully briefed. (Motion to Expedite Discovery, Doc. 16; Response, Doc. 22; Reply, Doc. 24.)

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 26(d)(1) does not allow discovery from any source prior to a Rule 26 conference. However, the district court has discretion to order expedited discovery. *Arista Records, LLC v. Does 1-15*, No. 2:07-CV-450, 2007 WL 5254326, at *2 (S.D. Ohio Nov. 5, 2007). "Expedited discovery may be granted upon a showing of good cause." *Best v. Mobile Streams, Inc.*, No. 1:12-CV-564, 2012 WL 5996222, at *1 (S.D. Ohio Nov. 30, 2012) (citing *Arista*, 2007 WL 5254326, at *2) (cleaned up). The party seeking expedited discovery bears the burden of showing good cause, which may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party. *Id.* Furthermore, courts also consider whether the evidence may be lost or destroyed with time and whether the scope of the proposed discovery is narrowly tailored. *Id.*

Plaintiffs assert that, because the majority of the evidence necessary to prove their claims exists on Defendant's electronic devices, the evidence is at risk of spoliation before

formal discovery begins. (Motion, Doc. 16, Pg. ID 98.) Thus, according to Plaintiffs, the "need to preserve the critical electronic data and to make it available to Plaintiffs for a preliminary injunction hearing substantially outweighs the minimal prejudice Defendant will suffer from producing" that electronic evidence. (*Id.*) Further, Plaintiffs claim that, in order to understand the full scope of Defendant's actions and mitigate damage as much as possible, they must examine the evidence related to the defamation campaign. (*Id.* at Pg. ID 99.) Plaintiffs contend that these considerations constitute good cause to justify their request for expedited discovery. (*Id.*)

In response, Defendant first states that Plaintiffs' concern for spoilation of evidence is "speculative and unsupported." (Response, Doc. 22, Pg. ID 120.) Indeed, Plaintiffs cannot point to any evidence that the evidence is at risk of destruction. (*Id.* at Pg. ID 121.) Defendant argues that, just like the plaintiff in *Best v. Mobile Streams, Inc.*, No. 1:12-CV-564, 2012 WL 5996222 (S.D. Ohio Nov. 30, 2012), Plaintiffs here seek expedited discovery because the majority of evidence is electronic and speculate that Defendant "will destroy the stored evidence." ((Response, Doc. 22, Pg. ID 121) (quoting *Best*, 2012 WL 5996222, at *2.)) And, the court in *Best* found that the plaintiff failed to meet his burden of showing good cause because he did not point to "any evidence supporting his spoilation concerns," such as previous destruction of evidence or lack of protections to prevent loss of evidence. *Id.* (citing *Best*, 2012 WL 5996222, at *2). Similarly, Defendant contends Plaintiff's Motion should be denied for the same reason, as Plaintiffs have failed to show good cause. (Response, Doc. 22, Pg. ID 121-22.)

Moreover, Defendant provides evidence to quell Plaintiffs' fears of evidence spoilation or loss. (Response, Doc. 22, Pg. ID 121-22.) Specifically, the temporary restraining order prevents Defendant from using any electronic device to delete or access any files or email accounts used in the alleged defamation campaign. (*Id.*; *see also* Order, Doc. 9.) Defendant has consented to an extension of that temporary restraining order twice, indicating that he has no intention of violating it. (*Id.*) Furthermore, Defendant has engaged a third-party digital forensic expert to capture and preserve electronic devices that may have been used in furtherance of the alleged campaign. (*Id.*) Finally, Defendant claims that, due to ongoing serious health issues, he is "in no position to respond to discovery requests or sit for a deposition at this juncture." (*Id.*)

In reply, though, Plaintiffs point out that Defendant's conduct "immediately after this lawsuit was filed" raises concerns of past or future destruction of evidence. (Reply, Doc. 24, Pg. ID 128.) Specifically, Plaintiffs state that Defendant deleted social media accounts after Plaintiffs sent their cease-and-desist letter and filed the lawsuit, indicating that he both had access to the internet, despite claims to the contrary, and "was motivated to delete aspects of his online presence." (*Id.* at Pg. ID 128-29.) In fact, Plaintiffs note that Defendant removed his LinkedIn account the day after his father indicated to Plaintiffs' counsel that Defendant did not have access to his electronic devices or the internet. (*Id.*) Plaintiffs claim that either Defendant had access to his electronic devices, or someone acting on his behalf deleted his accounts. (*Id.* at Pg. ID 130-31.) Either way, according to Plaintiffs, "[b]oth possible scenarios . . . raise a significant concern" about the destruction of evidence. (*Id.* at Pg. ID 131.) And, in response to Defendant's representations that the

potential evidence is being safeguarded, Plaintiffs assert that such a claim "should be viewed with further scrutiny," because of the above-example of potential destruction of evidence. (*Id.*) Additionally, Plaintiffs contend that their request is narrowly tailored to only cover "evidence contained in Defendant's online email accounts for the fictitious names that distributed the false and malicious emails." (*Id.* at Pg. ID 132.) The risk Plaintiffs face in losing that evidence forever is sufficient—in their estimation—to establish good cause, especially compared to the slight "risk of unfair prejudice to Defendant in obtaining that information." (*Id.*)

The Court appreciates the interests on both sides of the ledger. It is true that Defendant's conduct at the beginning of this lawsuit, before he retained counsel, caused confusion and delay in the proceedings. And, the Court agrees that Plaintiffs' request, as outlined in their Reply, is narrowly tailored. Further, the Court takes seriously the allegations of spoilation or destruction of evidence. The Court, however, notes that Defendant's deletion of his personal social media accounts has no bearing on whether the evidence of his alleged conduct is at risk of destruction; as Plaintiffs allege, Defendant created numerous fake email accounts to conduct his defamatory activities and did not conduct them through any personal social media account. (*See* Compl., Doc. 1, ¶ 2; Motion, Doc. 16, Pg. ID 98.) Although Plaintiffs point out that some of Defendant's personal accounts were deactivated when he supposedly did not have internet access, they also admit that other individuals may have been deactivating these accounts on Defendant's behalf. (Reply, Doc. 24, Pg. ID 130-31.) Again, this possibility does not support the contention that Defendant or these individuals were destroying evidence of

the alleged defamatory activities, only that they were removing Defendant's personal online presence.

Plaintiffs also take issue with Defendant's assertion that he is not able to provide discovery or sit for a deposition at this time. (Reply, Doc. 24, Pg. ID 131.) Plaintiffs assert that they have been kept in the dark as to Defendant's incapacity and that presumably Defendant "remains able to access evidence of his misconduct through the internet and electronic devices." (*Id.* at Pg. ID 131-132.) This potential access, Plaintiffs argue, calls into question "the reasonableness of delaying discovery further." (*Id.*) The Court acknowledges that Plaintiffs have not had the opportunity to review the ex parte filing of Defendant's protected health information. (*See* Order, Doc. 20.) Thus, their assertion is made without the benefit of assessing the details contained therein. But, having reviewed *in camera* Defendant's protected health information, the Court finds it highly unlikely that Defendant has the ability to access any electronically stored evidence, let alone destroy it. And, while delay in this case is not preferable and could prejudice Plaintiffs, the Court also finds that subjecting Defendant to discovery and depositions at this time could be detrimental to him.

Furthermore, Plaintiffs cannot point to any reason to suggest that Defendant's counsel has misrepresented the steps Defendant has taken to safeguard the electronically-stored evidence through retaining a third-party forensic specialist. The Court finds that Defendant has taken proper steps to preserve evidence. And notably, the temporary restraining order presently prevents Defendant from accessing or deleting email accounts associated with the underlying allegations in this case. (See Order, Doc. 9, Pg. ID 81.) In

light of these circumstances, taken together with the parties' briefing and Defendant's protected health information, the Court finds no good cause that warrants expedited discovery at this time.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Expedited Discovery (Doc. 16) is **DENIED**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND