# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **RAYMOND JAMES & ASSOCIATES, INC.**, et al., | ) Case No. 1:25-cv-10 |
| Plaintiffs, | ) Judge Matthew W. McFarland |
| v. | ) |
| **PAUL T. SABA, JR.**, | ) **ANSWER TO PLAINTIFF'S COMPLAINT** |
| Defendant. | ) |

Now comes Defendant Paul T. Saba, Jr. ("Defendant" or "Mr. Saba"), by and through undersigned counsel, and Answers the allegations contained in the Complaint of Raymond James & Associates, Inc. ("Raymond James"), Timothy VanBenthuysen, and Richard Redvanly (hereinafter, collectively, "Plaintiffs") as follows:

## INTRODUCTION[1]

1. This civil action has been filed to prevent ongoing defamation and extreme online harassment and disparagement by Defendant Paul T. Saba, Jr. against Plaintiff Raymond James & Associates, Inc. and two of its employees, Plaintiffs Timothy VanBenthuysen and Richard Redvanly.

**Response:** Under the Fifth Amendment to the U.S. Constitution, Mr. Saba may not be compelled to be a witness against himself. Mr. Saba hereby invokes these rights in response to this allegation. In accordance with *Rogers v. Webster*, 776 F.2d 607, 611 (6th Cir. 1985), and *National Acceptance Co. of America v. Bathalter*, 705 F.2d 924, 932 (7th Cir. 1983), Mr. Saba's invocation of these rights should be treated "as the equivalent of a specific denial." *Rogers* at 611.

---

[1] Headings and allegations throughout this Answer are taken directly from the Complaint and are included solely for ease of reference. They do not constitute admissions, and any portion of an allegation that may be construed as a factual allegation is specifically denied.

2. From at least November 4, 2024 until at least January 6, 2025, Plaintiffs have been victims of an insidious, repugnant, and wide-reaching cyber-harassment campaign (the "Campaign") that spread false and malicious information about Plaintiffs through fictitious email accounts.

**Response:** In accordance with Fed. R. Civ. P. 10(c), Mr. Saba incorporates his response to

paragraph 1 by reference.

3. These emails were sent to hundreds of individuals in the same social and professional circles as Messrs. VanBenthuysen and Redvanly, as well as to employees, business partners, clients, competitors, and/or prospective clients of Raymond James.

**Response:** In accordance with Fed. R. Civ. P. 10(c), Mr. Saba incorporates his response to

paragraph 1 by reference.

4. In many instances, the email accounts used by the perpetrator to spread the false and damaging information were created by the perpetrator to specifically target and/or impersonate Messrs. VanBenthuysen and Redvanly, as well as their significant others.

**Response:** In accordance with Fed. R. Civ. P. 10(c), Mr. Saba incorporates his response to

paragraph 1 by reference.

5. The perpetrator has tried to wage this horrendous Campaign anonymously by using fictitious email accounts to hide his identity in an effort to spread false and damaging information without consequences.

**Response:** In accordance with Fed. R. Civ. P. 10(c), Mr. Saba incorporates his response to

paragraph 1 by reference.

6. But Raymond James' Cyber Threat Center in its Office of Information Security (the "RJ Cyber Threat Center") has been monitoring and working to identify the perpetrator of this malicious campaign.

**Response:** Mr. Saba is without sufficient knowledge or information to form a belief as to the

truth of the allegations in Paragraph 6 of the Complaint, and accordingly denies them.

7. Very recently, the RJ Cyber Threat Center was able to identify information linking at least four of these malicious emails to the Defendant who recently worked as a summer intern for Raymond James & Associates, Inc. in its Atlanta office from June 2024 to August 2024. At the conclusion of that internship, Defendant was notified that he would not be receiving a full-time offer of employment with Raymond James.

**Response:** In accordance with Fed. R. Civ. P. 10(c), Mr. Saba incorporates his response to

paragraph 1 by reference.

      8.      Based on the totality of this information, it is almost certain that Defendant is responsible for, and the perpetrator of, the Campaign from its inception on at least November 4, 2024.

**Response:** In accordance with Fed. R. Civ. P. 10(c), Mr. Saba incorporates his response to

paragraph 1 by reference.

      9.      Notably, the Campaign recently escalated in terms of the volume of malicious emails with at least one malicious email being sent by Defendant on December 30, 2024, January 3, 2025, and January 6, 2025. However, Plaintiffs are not aware of any emails being sent after January 6, 2025, at 5:44 pm Eastern Time – when Raymond James sent Defendant a cease-and-desist letter and Defendant thus realized that Raymond James had connected him to the Campaign.

**Response:** In accordance with Fed. R. Civ. P. 10(c), Mr. Saba incorporates his response to

paragraph 1 by reference.

      10.      The false and damaging email harassment campaign has caused significant injury to Plaintiffs, including damage to the personal and professional reputations of Messrs. VanBenthuysen and Redvanly, emotional distress to Messrs. VanBenthuysen and Redvanly, and business loss/interruption to Raymond James, which closed its Atlanta investment banking offices on of January 7 and 8, 2025, out of safety concerns and to fully evaluate the security risk (and potential other risks) posed by this escalating Campaign of malicious and harassing emails being sent impersonating and/or targeting Plaintiffs and other associated with them.

**Response:** In accordance with Fed. R. Civ. P. 10(c), Mr. Saba incorporates his response to

paragraph 1 by reference.

      11.      There is also a significant likelihood that the false and damaging information spread by Defendant has impaired Raymond James' reputation in the industry, such that the company will suffer loss of business in the future.

**Response:** In accordance with Fed. R. Civ. P. 10(c), Mr. Saba incorporates his response to

paragraph 1 by reference.

      12.      The aforementioned conduct of Defendant has proximately caused significant harm and damage to Plaintiffs, which is ongoing and expected to continue unless the Court intervenes.

3

**Response:** In accordance with Fed. R. Civ. P. 10(c), Mr. Saba incorporates his response to paragraph 1 by reference.

13. To that end, Plaintiffs further submit that they are concurrently requesting, by separate Motion, certain injunctive relief and an expedited preliminary injunction hearing to prevent immediate and irreparable injury, loss, and damage to the Plaintiffs.

**Response:** This paragraph does not contain an allegation to which a response is required. To the extent a response is required, the allegation is denied.

## THE PARTIES

14. Plaintiff Raymond James & Associates, Inc. is a citizen of the state of Florida – being incorporated under the laws of the state of Florida and having its principal place of business in St. Petersburg, Florida.

**Response:** Mr. Saba is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint, and accordingly denies them.

15. Plaintiff Timothy VanBenthuysen is an employee of Raymond James & Associates, Inc., is based in the Atlanta office, and is a citizen of the state of Georgia.

**Response:** Mr. Saba is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint, and accordingly denies them.

16. Plaintiff Richard Redvanly is an employee of Raymond James & Associates, Inc., is based in the Atlanta office, and is a citizen of the state of Georgia.

**Response:** Mr. Saba is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint, and accordingly denies them.

17. Defendant Paul T. Saba, Jr. (hereinafter "Defendant") is a citizen of the state of Ohio and resides in Cincinnati, Ohio.

**Response:** Mr. Saba admits the allegations in Paragraph 17 of the Complaint.

## JURISDICTION

18. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the suit is between citizens of different States and the value of the object of this suit is more than $75,000.

**Response:** This paragraph contains a legal conclusion to which no response is necessary. To the extent a response is required, the allegation is denied.

19. Venue is proper in the Southern District of Ohio because it is where Defendant resides and where, upon information and belief, most of the harassing, defamatory, and damaging conduct originated.

**Response:** This paragraph contains a legal conclusion to which no response is necessary. To the extent a response is required, Mr. Saba incorporates his response to paragraph 1 by reference in accordance with Fed. R. Civ. P. 10(c).

## FACTS

20. Plaintiff Raymond James & Associates, Inc. is a public company that provides diversified financial services.

**Response:** Mr. Saba is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint, and accordingly denies them.

21. Plaintiffs Timothy VanBenthuysen and Richard Redvanly are employed by Raymond James in its Healthcare Investment Banking group at Raymond James' Atlanta, Georgia office.

**Response:** Mr. Saba is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint, and accordingly denies them.

22. Defendant was previously a summer investment banking intern at the Atlanta, Georgia office of Raymond James in the summer of 2024. Defendant was not assigned to the Healthcare Investment Banking group during the pendency of his internship, but rather was assigned to a different group within the same office.

**Response:** Mr. Saba admits the allegations in Paragraph 22 of the Complaint.

23. During Defendant's internship, Mr. Redvanly was assigned to be Defendant's mentor.

**Response:** Mr. Saba admits the allegations in Paragraph 23 of the Complaint.

24. At the conclusion of his internship, Defendant was not offered a full-time position with Raymond James. After being notified that he would not be receiving a full-time offer, Defendant sent several emails to Mr. VanBenthuysen in August 2024 and September 2024 indicating his interest in a full-time position with the Healthcare Investment Banking group. Mr. VanBenthuysen informed Defendant that there were no open positions but that he would keep him posted if that changed.

**Response:** In accordance with Fed. R. Civ. P. 10(c), Mr. Saba incorporates his response to

paragraph 1 by reference.

25. In the ensuing months, and as a direct result of his frustration at not being given a full-time offer to join the company, Defendant began an email campaign of defaming and harassing Messrs. VanBenthuysen and Redvanly.

**Response:** In accordance with Fed. R. Civ. P. 10(c), Mr. Saba incorporates his response to

paragraph 1 by reference.

### *Harrassing, Defamatory, Abusive, and Damaging Email Attacks on Plaintiffs*

26. On November 4, 2024, Plaintiffs learned that an email was sent from a fictitious email account (stein3350@gmail.com) and was addressed to multiple individuals at Raymond James, which included the following message falsely accusing Mr. Redvanly of illegal insider trading:[2]

**Response:** In accordance with Fed. R. Civ. P. 10(c), Mr. Saba incorporates his response to

paragraph 1 by reference.

27. On November 24, 2024, Plaintiffs learned that two emails from two separate fictitious email accounts (markbalm202@gmail.com and robertsteinnews@gmail.com) were sent to numerous individuals employed by Raymond James and also to individuals outside the company.

**Response:** In accordance with Fed. R. Civ. P. 10(c), Mr. Saba incorporates his response to

paragraph 1 by reference.

28. One of the emails sent to multiple individuals on November 24, 2024 contained the following message falsely stating that Mr. VanBenthuysen had been convicted of raping an 18-year-old:

---

[2] The Complaint contains various images associated with the allegations in Paragraphs 26, 28, 29, 31, 33, 34, 36, 41, 42, 44, 45, 46, and 49. As to those images, Mr. Saba incorporates his response to paragraph 1 by reference in accordance with Fed. R. Civ. P. 10(c).

6

**Response:** In accordance with Fed. R. Civ. P. 10(c), Mr. Saba incorporates his response to paragraph 1 by reference.

29. The other email sent on November 24, 2024 contained the following message falsely stating that Mr. Redvanly had been convicted of raping a 16-year-old:

**Response:** In accordance with Fed. R. Civ. P. 10(c), Mr. Saba incorporates his response to paragraph 1 by reference.

30. On or about December 1, 2024, Mr. Redvanly's girlfriend was also targeted at her place of employment, when an email was sent to other employees of her employer from the fictitious email account for "Robert Stein" with the following message that accused Mr. Redvanly's girlfriend of having engaged in insider trading.

**Response:** In accordance with Fed. R. Civ. P. 10(c), Mr. Saba incorporates his response to paragraph 1 by reference.

31. Additionally, Plaintiffs learned that on December 1, 2024, an email was sent from another fictitious and impersonated email account (gracebeckwith@outlook.com) to Mr. Redvanly's girlfriend's college email address with the following message that alleged the sender of the email – someone supposedly named "Grace" – was having a romantic relationship with Mr. Redvanly:

**Response:** In accordance with Fed. R. Civ. P. 10(c), Mr. Saba incorporates his response to paragraph 1 by reference.

32. On December 8, 2024, a false email thread was sent to multiple recipients both internal and external to Raymond James using Yahoo and Outlook email addresses intended to impersonate Mr. VanBenthuysen (who is married) and another employee in order to imply that the two were having an affair.

**Response:** In accordance with Fed. R. Civ. P. 10(c), Mr. Saba incorporates his response to paragraph 1 by reference.

33. The December 8, 2024 false email thread also included explicit and repulsive images and was further distributed by yet another false email account (harrissteinfeld@yahoo.com) to numerous members of the investment banking community at firms that compete with Raymond James and to other Raymond James employees:

**Response:** In accordance with Fed. R. Civ. P. 10(c), Mr. Saba incorporates his response to paragraph 1 by reference.

7

34. On December 15, 2024, another fictitious email account (arjunpatelphilly@outlook.com) sent a false email to numerous individuals purporting to be reporting an explicit communication between Mr. VanBenthuysen and another Raymond James employee to numerous recipients both internal and external to Raymond James as follows:

**Response:** In accordance with Fed. R. Civ. P. 10(c), Mr. Saba incorporates his response to

paragraph 1 by reference.

35. This malicious, harassing, defamatory, abusive, and damaging conduct continued throughout the month of December 2024, during which time the anonymous attacker used multiple other impersonated email accounts to harass, defame, and falsely portray Plaintiffs in a pattern of escalating rhetoric and repulsiveness.

**Response:** In accordance with Fed. R. Civ. P. 10(c), Mr. Saba incorporates his response to

paragraph 1 by reference.

36. On December 21, 2024, another fictitious email account sent an email to numerous individuals internal and external to Raymond James to purportedly report that an email account impersonating Mr. VanBenthuysen's wife had supposedly sent an explicit email, which included an explicit photo taken from the internet:

**Response:** In accordance with Fed. R. Civ. P. 10(c), Mr. Saba incorporates his response to

paragraph 1 by reference.

37. As a result of this barrage of emails, and additional emails discussed below, and the security threats they posed, Raymond James made the decision to close its Atlanta investment banking office on January 7 and 8, 2025, which caused a significant business loss and interruption.

**Response:** Mr. Saba is without sufficient knowledge or information to form a belief as to the

truth of the allegations in Paragraph 37 of the Complaint, and accordingly denies them.

38. As a result of the Defendant's conduct, Plaintiffs' reputations – both as professionals and personally – have been greatly damaged.

**Response:** In accordance with Fed. R. Civ. P. 10(c), Mr. Saba incorporates his response to

paragraph 1 by reference.

39. As a result of the Defendant's false and malicious email campaign, Plaintiffs have had to expend significant financial resources and efforts to repair the damage to their reputations.

8

**Response:** In accordance with Fed. R. Civ. P. 10(c), Mr. Saba incorporates his response to paragraph 1 by reference.

40. As a result of the Defendant's conduct, Plaintiffs have had to expend significant financial resources to determine the source of the false emails, evaluate the extent of damage they caused, and take appropriate steps to ensure the safety of its employees.

**Response:** In accordance with Fed. R. Civ. P. 10(c), Mr. Saba incorporates his response to paragraph 1 by reference.

*Plaintiffs Discover the Perpetrator's Identity*

41. On December 30, 2024, another email account impersonating an investment banking employee that was with Raymond James until very recently sent an email, which invited numerous recipients external to Raymond James, including numerous other investment bankers who compete with the Plaintiffs, business contacts, and prospective clients, to join a bogus Neo-Nazi club for bankers:

**Response:** In accordance with Fed. R. Civ. P. 10(c), Mr. Saba incorporates his response to paragraph 1 by reference.

42. The December 30, 2024 email invited responses to Mr. VanBenthuysen's actual email address with Raymond James and attached the following PDF file:

**Response:** In accordance with Fed. R. Civ. P. 10(c), Mr. Saba incorporates his response to paragraph 1 by reference.

43. While deplorable and damaging in its content, this December 30, 2024 email finally provided the RJ Cyber Threat Center with an opportunity to learn the identity of the perpetrator of this Campaign of harassing, defamatory, abusive, and damaging attacks.

**Response:** In accordance with Fed. R. Civ. P. 10(c), Mr. Saba incorporates his response to paragraph 1 by reference.

44. The metadata for the PDF attachment to the December 30, 2024 email shows that it was created on December 29, 2024 and that the author of the Neo-Nazi Banker Club invitation is "Paul Saba", the Defendant.

**Response:** In accordance with Fed. R. Civ. P. 10(c), Mr. Saba incorporates his response to paragraph 1 by reference.

9

46. On January 3, 2025, Defendant sent a similar Neo-Nazi themed email from another false, impersonated account (tim.vanbenthuysen@yahoo.com), which contained the following message:[3]

**Response:** In accordance with Fed. R. Civ. P. 10(c), Mr. Saba incorporates his response to paragraph 1 by reference.

47. Similar to the PDF attachment to the December 30, 2024 email, the metadata to the "Banker club.pdf" attachment to the January 3, 2025 email indicated that the author of the Neo-Nazi Banker club invitation was the Defendant, Paul Saba.

**Response:** In accordance with Fed. R. Civ. P. 10(c), Mr. Saba incorporates his response to paragraph 1 by reference.

48. But that was not the only direct evidence tying the Defendant to this horrendous Campaign. After receiving copies of the emails from some of the external recipients, the RJ Cyber Threat Center discovered that the recovery phone number listed for the fictitious tim.vanbenthuysen@yahoo.com email account, as shown on the website, are "(5\*\*) \*\*\*-\*\*10."

**Response:** In accordance with Fed. R. Civ. P. 10(c), Mr. Saba incorporates his response to paragraph 1 by reference.

49. The RJ Cyber Threat Center compared the visible digits from the recovery phone number for the tim.vanbethuysen@yahoo.com account to the phone number listed on the resume that Defendant submitted to Raymond James several months earlier following his completion of the summer intern program, which indicated a match of those numbers:

**Response:** In accordance with Fed. R. Civ. P. 10(c), Mr. Saba incorporates his response to paragraph 1 by reference.

50. As the RJ Cyber Threat Center continued to assess the source of the harassing emails from the fictitious accounts, additional data points linked Defendant to other messages sent as part of the coordinated and wide-reaching email Campaign against the Plaintiffs.

**Response:** In accordance with Fed. R. Civ. P. 10(c), Mr. Saba incorporates his response to paragraph 1 by reference.

---

[3] Paragraph 45 of the Complaint contains no factual allegations. As discussed in footnote 2 above, as to the image contained in Paragraph 45, Mr. Saba incorporates his response to paragraph 2 by reference in accordance with Fed. R. Civ. P. 10(c).

51. For example, the recovery email address for the tim.vanbethuysen@yahoo.com is listed as "h*****ld@yahoo.com," which contains visible letters matching the harrissteinfeld@yahoo.com address, which was used as part of the Campaign to send a false, harassing, defamatory, abusive, and damaging email about Plaintiffs on December 8, 2024.

**Response:** In accordance with Fed. R. Civ. P. 10(c), Mr. Saba incorporates his response to

paragraph 1 by reference.

52. Another email address used in the Campaign to impersonate Mr. VanBenthuysen in a subsequent January 6, 2025 email was timvanbenthuysen.rj@yahoo.com. The recovery email address for the timvanbenthuysen.rj@yahoo.com email address is listed as "t*****en@outlook.com", which contains matching lettering and ordering as the tim.vanbenthuysen@outlook.com email address which was used as part of the Campaign as the source of a false, harassing, defamatory, abusive, and damaging email about Plaintiffs on December 8, 2024.

**Response:** In accordance with Fed. R. Civ. P. 10(c), Mr. Saba incorporates his response to

paragraph 1 by reference.

53. This showed that multiple email accounts used as part of the harassing, defamatory, abusive, and damaging Campaign against Plaintiffs were connected to each other and that at least one of the email accounts was linked to a recovery phone number that appeared to match Defendant's phone number.

**Response:** In accordance with Fed. R. Civ. P. 10(c), Mr. Saba incorporates his response to

paragraph 1 by reference.

54. On January 6, 2025, another "Neo-Nazi banking club invitation" email with a "NEO-NAZI BANKER CLUB.pdf" attachment was again sent to approximately 202 third-party email addresses from an email purporting to be Plaintiff Timothy VanBenthuysen. Similar to the PDF attachment to the December 30, 2024 email and the January 3, 2025 email, the metadata for the "NEO-NAZI BANKER CLUB.pdf" attachment to the January 6, 2025 email indicated that the author of the Neo-Nazi Banker club invitation was Defendant "Paul Saba".

**Response:** In accordance with Fed. R. Civ. P. 10(c), Mr. Saba incorporates his response to

paragraph 1 by reference.

55. On January 6, 2025, Raymond James' Head of Litigation sent a Cease & Desist Letter to the Defendant by email (and sent the same letter by UPS the next day), demanding that he immediately cease and desist his email campaign intended to harm, defame, and/or impersonate Raymond James employees and individuals associated with the company. (See 1/6/25 Cease and Desist Letter to Paul T. Saba, Jr., attached hereto as Exhibit A).

11

**Response:** In accordance with Fed. R. Civ. P. 10(c), Mr. Saba incorporates his response to paragraph 1 by reference.

56. Defendant confirmed by phone in the evening of January 6 that he received the Cease & Desist Letter.

**Response:** In accordance with Fed. R. Civ. P. 10(c), Mr. Saba incorporates his response to paragraph 1 by reference.

57. Notably, Plaintiffs are not aware of any email attacks since Defendant confirmed in the evening of January 6, 2025 that he received the Cease & Desist Letter – that was the first time the Defendant was informed that he had been exposed as the perpetrator of the malicious Campaign.

**Response:** In accordance with Fed. R. Civ. P. 10(c), Mr. Saba incorporates his response to paragraph 1 by reference.

### FIRST CAUSE OF ACTION
### (Defamation)

58. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 57 above as if fully restated herein.

**Response:** In accordance with Fed. R. Civ. P. 10(c), Mr. Saba incorporates his response to paragraph 1 by reference and accordingly denies every allegation in the Complaint not specifically admitted herein.

59. As described above, Defendant made and distributed statements concerning Plaintiffs that he knew to be false when he made them.

**Response:** In accordance with Fed. R. Civ. P. 10(c), Mr. Saba incorporates his response to paragraph 1 by reference.

60. The false statements knowingly made by Defendant were intended to cause harm and, in fact, did cause harm.

**Response:** In accordance with Fed. R. Civ. P. 10(c), Mr. Saba incorporates his response to paragraph 1 by reference.

61. Defendant's conduct of distributing emails containing false information concerning Plaintiffs was done maliciously.

**Response:**  In accordance with Fed. R. Civ. P. 10(c), Mr. Saba incorporates his response to paragraph 1 by reference.

62. As a proximate cause of Defendant's actions, Plaintiffs suffered and will continue to suffer substantial harm to their reputation.

**Response:**  In accordance with Fed. R. Civ. P. 10(c), Mr. Saba incorporates his response to paragraph 1 by reference.

## SECOND CAUSE OF ACTION
### (Civil Liability for Damages Resulting from Defendant's Criminal Conduct of Telecommunications Harassment (Pursuant to R.C. 2307.60 and 2917.21))

63. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 62 above as if fully restated herein.

**Response:**   In accordance with Fed. R. Civ. P. 10(c), Mr. Saba incorporates his response to paragraph 1 by reference and accordingly denies every allegation in the Complaint not specifically admitted herein.

64. As described above, Defendant violated R.C. 2917.21 when he distributed false emails from impersonated accounts that were intended to abuse, threaten, and/or harass Plaintiffs.

**Response:**  In accordance with Fed. R. Civ. P. 10(c), Mr. Saba incorporates his response to paragraph 1 by reference.

65. Defendant's conduct proximately caused substantial damage to Plaintiffs, both to their reputation and person, but also in the loss of business and/or business interruption when Plaintiffs were forced to temporarily close the Atlanta office of Raymond James & Associates, Inc.

**Response:**  In accordance with Fed. R. Civ. P. 10(c), Mr. Saba incorporates his response to paragraph 1 by reference.

## THIRD CAUSE OF ACTION
### (False Light)

66. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 65 above as if fully restated herein.

13

**Response:** In accordance with Fed. R. Civ. P. 10(c), Mr. Saba incorporates his response to paragraph 1 by reference and accordingly denies every allegation in the Complaint not specifically admitted herein.

67. Defendant's actions to produce and distribute knowingly false information concerning Plaintiffs by email was intended to place Plaintiffs in a false light with their colleagues, family, friends, professional contacts, prospective clients, and persons within the investment banking industry.

**Response:** In accordance with Fed. R. Civ. P. 10(c), Mr. Saba incorporates his response to paragraph 1 by reference.

68. Defendant knew that the emails he manufactured and distributed contained false information and were sent from email accounts falsely represented as belonging to Plaintiffs and/or other individuals.

**Response:** In accordance with Fed. R. Civ. P. 10(c), Mr. Saba incorporates his response to paragraph 1 by reference.

69. There was no legitimate or justifiable basis for Defendant to have created and distributed the emails.

**Response:** In accordance with Fed. R. Civ. P. 10(c), Mr. Saba incorporates his response to paragraph 1 by reference.

70. Defendant acted with reckless disregard for the falsity of the publication and distribution of the information by email and did so intentionally to make it appear that Plaintiffs and/or their significant others were engaged in deplorable, morally repugnant, and/or illegal behavior.

**Response:** In accordance with Fed. R. Civ. P. 10(c), Mr. Saba incorporates his response to paragraph 1 by reference.

71. Defendant's actions as described above were done willfully, maliciously, deliberately, and purposely with the intention of causing harm to Plaintiffs.

**Response:** In accordance with Fed. R. Civ. P. 10(c), Mr. Saba incorporates his response to paragraph 1 by reference.

72. As a result of Defendant's actions, Plaintiffs have suffered and will continue to suffer damages in an amount to be determined at trial.

**Response:** In accordance with Fed. R. Civ. P. 10(c), Mr. Saba incorporates his response to paragraph 1 by reference.

### FOURTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

73. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 72 above as if fully restated herein.

**Response:** In accordance with Fed. R. Civ. P. 10(c), Mr. Saba incorporates his response to paragraph 1 by reference and accordingly denies every allegation in the Complaint not specifically admitted herein.

74. Defendant's conduct in distributing false emails containing defamatory information about Plaintiffs was and is extreme and outrageous.

**Response:** In accordance with Fed. R. Civ. P. 10(c), Mr. Saba incorporates his response to paragraph 1 by reference.

75. Defendant's conduct was intentional and designed to harm Plaintiffs both professionally and personally.

**Response:** In accordance with Fed. R. Civ. P. 10(c), Mr. Saba incorporates his response to paragraph 1 by reference.

76. Defendant's actions as described above were done willfully, maliciously, deliberately, and purposely with the intention of inflicting emotional harm upon Plaintiffs.

**Response:** In accordance with Fed. R. Civ. P. 10(c), Mr. Saba incorporates his response to paragraph 1 by reference.

77. Defendant's actions were done with reckless disregard of the probability of causing Plaintiffs emotional distress, and these acts did, in fact, cause emotional distress.

**Response:** In accordance with Fed. R. Civ. P. 10(c), Mr. Saba incorporates his response to paragraph 1 by reference.

78. As a result of Defendant's actions, Plaintiffs have suffered and will continue to suffer damages in an amount to be determined at trial.

**Response:** In accordance with Fed. R. Civ. P. 10(c), Mr. Saba incorporates his response to paragraph 1 by reference.

In response to Plaintiffs' unnumbered WHEREFORE section and each of its subparts following Paragraph 78 of the Complaint, Mr. Saba incorporates his response to paragraph 1 by reference and accordingly denies that Plaintiffs are entitled to any of the relief requested and denies each and every allegation of the unnumbered WHEREFORE section and each of its subparts, separately and severally.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' have failed to state a claim upon which relief may be granted.

2. Plaintiffs' claims are barred because Plaintiffs have not sustained any injury in fact or damages caused by an act or omission alleged.

3. Plaintiffs' request for punitive damages is barred because Plaintiffs cannot demonstrate the actions alleged were done knowingly, willfully, maliciously, intentionally, or in bad faith.

4. Plaintiffs failed to mitigate their damages, if any.

5. Mr. Saba reserves the right to list additional affirmative defenses as they become known through discovery or otherwise.

Respectfully submitted,

*/s/ Dominick S. Gerace*
Dominick S. Gerace (0082823)
Ralph W. Kohnen (0034418)
Kenneth A. Foisy (0095904)
TAFT STETTINIUS & HOLLISTER LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
Phone: (513) 381-2838
Fax: (513) 381-0205
dgerace@taftlaw.com
kohnen@taftlaw.com
kfoisy@taftlaw.com

*Trial Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

  I hereby certify that a true and accurate copy of the foregoing was filed on this 23rd day of May, 2025, via the Court's CM/ECF system, which will serve all counsel of record electronically.

                   */s/ Dominick S. Gerace*